UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARGUERITE A. HOLMAN,

       Plaintiff,                           Civil No. 07-6075-HA

       v.                                OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

HAGGERTY, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 1383 (c)(3) of the Social Security Act. Plaintiff requests judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying her application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits.

**ADMINISTRATIVE HISTORY**

Plaintiff applied for DIB in June 2005, claiming disability since April 2005. Tr. 53, 333.[1] Plaintiff's application for SSI was protectively filed on June 2, 2005. Tr. 339. After her

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

1 - OPINION AND ORDER

application was denied initially and on reconsideration, plaintiff sought and was granted a hearing before an Administrative Law Judge (ALJ). This hearing took place on August 10, 2006. Tr. 12, 43. On October 12, 2006, the ALJ issued a decision that found plaintiff was not disabled. Tr. 9-21. Plaintiff appealed to the SSA's Appeals Council, which denied the request for review, rendering the ALJ's conclusions the Commissioner's final decision. Plaintiff sought judicial review of this final decision.

## FACTUAL BACKGROUND

Plaintiff was born on March 5, 1954. Tr. 49. Plaintiff completed the ninth grade of education. Tr. 85. The vocational expert (VE) who testified at plaintiff's hearing indicated without objection that plaintiff's employment experience included work as a bartender, home care provider, restaurant cashier, short-order cook and dietary manager. Tr. 396.

Plaintiff lost her last full-time job because she tested positive for marijuana use. Tr. 372. Plaintiff was working part-time as a hostess at a restaurant as of the date of the ALJ hearing. Tr. 14. Other details of plaintiff's medical history will be reviewed as necessary in this ruling's analysis.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's Residual Functional Capacity (RFC), which is the most an individual could do in a work setting despite the total limiting effects of the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Upon the establishment of the claimant's RFC, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant

3  - OPINION AND ORDER

has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, at step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. *See* 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial

of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since the alleged onset date of April 20, 2005. Tr. 14.

At step two, the ALJ found that plaintiff suffered from severe impairments including residual symptoms of a compression fracture of the lumbar spine, depression, a pain disorder, a personality disorder and cannabis abuse. *Id*.

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that, singly or in combination, met or medically equaled one of the impairments found in the Listing of Impairments. Tr. 15.

The ALJ concluded that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, and that during an eight-hour workday she can sit, stand and walk for up to

six hours provided that she is permitted to change her position between sitting and standing a few

minutes every hour to relieve discomfort. Tr. 17. Plaintiff is also limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling, and limited to occasional interaction with coworkers and infrequent interaction with the general public. Tr. 21.

At step four, the ALJ relied on the testimony of the VE and concluded that plaintiff could return to her past work as a dietary manager. Tr. 20. Although the ALJ was then not required to proceed to step five, the ALJ did so and – after considering the testimony of the VE – concluded that plaintiff was capable of making a successful adjustment to work that exists in the national economy. *Id*. The ALJ found that plaintiff was not disabled. *Id*.

## QUESTIONS PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits. Plaintiff alleges that (1) the ALJ erred in determining plaintiff's RFC by overlooking her migraine headaches; (2) the ALJ erred in finding that plaintiff could return to her past work as a dietary manager; (3) the ALJ improperly found that plaintiff could perform light unskilled assembly production work; and (4) the ALJ erred in his evaluation of the lay testimony that was presented in support of plaintiff's claims.

## DISCUSSION

### 1. The ALJ's analysis of plaintiff's RFC

Plaintiff first argues that the ALJ erred by failing to properly consider plaintiff's impairment related to her migraine headaches. At her hearing, plaintiff was examined by her counsel regarding her impairments. Tr. 358-67. Plaintiff's counsel elicited testimony from her

that she suffers from migraine headaches up to five times a month, and that she "usually can shake them off in a day or two" by taking Advil. Tr. 366.

In determining a claimant's RFC, careful consideration is given to any evidence presented about symptoms, because subjective descriptions may indicate more severe limitations than can be shown by medical evidence alone. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007) (citations and internal quotations omitted). As plaintiff acknowledges, the ALJ noted that the "record suggests that the claimant experiences frequent migraine headaches," but went on to conclude that "her headaches are resolved with medication (e.g., Midrin)" and that the related impairment suffered by plaintiff was non-severe. Tr. 15. Plaintiff contends that this finding is not supported by substantial evidence in the record.

This court concludes that the ALJ's assessment of plaintiff's RFC was complete, specific, and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ( in making a proper RFC determination, "the ALJ took into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints"). The ALJ identified plaintiff's medication, Midrin, in his determination, which was prescribed to plaintiff by a physician who diagnosed and treated her migraine headaches. Tr. 250-51. Doctor Kirkpatrick noted that he prescribed Midrin to plaintiff, and that on "repeat evaluation, the patient is feeling better with decreased headache," and that she was instructed to return to the physician "if she has any further problems with her headache." Tr. 251. Plaintiff points to no evidence suggesting that she returned to Dr. Kirkpatrick because of further migraine problems.

Consequently, the functional limitations presented in the hypothetical question posed to the VE were adequate and without error. *Bayliss*, 427 F.3d at 1217-18 (citing *Magallanes v.*

*Bowen*, 881 F.2d 747, 756-57 (9th Cir.1989)).  The ALJ's explicit reference to plaintiff's medication for migraine headaches and his extensive references to plaintiff's medical records throughout his decision establish an adequate inference that he was familiar with, and relying upon, the medical evidence provided by Dr. Kirkpatrick regarding his diagnosis and the apparent success of his treatment pertaining to plaintiff's headaches.

There is no dispute that a claimant bears the initial burden of proving disability. However, the ALJ also has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered."  *Hayes v. Astrue*, 2008 WL 686867, *2 (Ninth Circuit March 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (*per curiam*)). Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information.  *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C.F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

Here, the ALJ provided a thorough examination of the medical evidence presented.  Tr. 14-20.  A number of physicians have treated plaintiff or reviewed her medical records, but there is no evidence advanced suggesting that plaintiff's migraine headaches were unresponsive to the medications prescribed to her.

The ALJ also provided adequate analysis for his conclusion that plaintiff's subjective complaints were insufficiently credible "to serve as additive evidence to support a finding of

disability." Tr. 18. The ALJ's duty to develop the record further was not triggered by plaintiff's references to migraines. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001) (an ALJ need not designate an alleged impairment as severe until a claimant has shown a medically determinable impairment and proves that the impairment or its symptoms affect the claimant's ability to perform basic work activities); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (a "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The record before the ALJ was unambiguous and allowed for the proper evaluation of the evidence. Accordingly, a duty on the part of the ALJ to further develop the record was not triggered. *Mayes*, 276 F.3d at 459-60. The ALJ's evaluation about plaintiff's migraine-related impairment was reasonable and supported by substantial evidence.

### 2.     The ALJ's analysis of plaintiff's ability to do past work

Plaintiff next takes issue with the ALJ's finding that plaintiff could return to her work as a "dietary manager." In so doing, the ALJ relied upon the testimony of the VE. The VE opined that based upon the description of that job as provided by plaintiff through her testimony (which was solicited by her counsel), the job consisted of skilled, light work. The VE considered a hypothetical person suffering from plaintiff's impairments, and concluded that a person with those impairments could perform such work.

Plaintiff argues that the ALJ erred in characterizing the duties of plaintiff's restaurant job, but an examination of the hearing transcript and the evidence presented to the VE establishes that plaintiff and her counsel were given every opportunity to describe plaintiff's past relevant

work, and that the hypothetical questions posed to the VE incorporated every relevant aspect of the work that plaintiff described doing (until she lost that job because of her marijuana use). This court concludes that the portrayal of plaintiff's past relevant work was complete, specific, and supported by substantial evidence. Similarly, the ALJ's finding that plaintiff could perform past relevant work was supported by substantial evidence.

### 3. The ALJ's analysis of plaintiff's ability to perform light unskilled work

Because the ALJ properly concluded that plaintiff could return to past relevant work, the additional analysis performed by the ALJ at step five was superfluous. Because a ruling on plaintiff's objections to the ALJ's step five findings is unnecessary and would risk becoming an advisory ruling on a matter not ripe before this court, this court is compelled to reject these objections as moot.

### 4. The ALJ's analysis of plaintiff's lay testimony

At plaintiff's hearing, testimony was heard from Janet Pengraph, who described herself as a "tribal sister" to plaintiff. Tr. 384. Pengraph testified that she had known plaintiff for ten years prior to the hearing. *Id*. She testified that plaintiff "has incredible physical limitations and has medical and emotional disturbances and difficulties that are intense and, at times, she's totally non-functional and has been suicidal." Tr. 386.

The ALJ found the lay witness to be "generally credible," but viewed her opinions as having limited value to his ultimate decision-making because she lacked medical and vocational expertise. Tr. 18.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see*

*also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)). When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

However, if lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring the lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96 (E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). If the lay testimony is consistent with the medical evidence, then the ALJ must consider it and comment upon it. *Id.*, citing *Stout*, 454 F.3d at 1053. Moreover, in cases in which plaintiff alleges impairments, "such as chronic fatigue or pain (which by their very nature do not always produce clinical medical evidence), it is impossible for the court to conclude that lay witness evidence concerning the plaintiff's abilities is necessarily controverted such that it

11 - OPINION AND ORDER

may be properly ignored," and the ALJ is required in such cases to consider lay witness evidence. *Timmons*, 546 F. Supp. 2d at 796.

This court acknowledges that this question is close. While it is obvious that the lay witness lacked medical and vocational expertise, this is not unusual – most lay witnesses are unqualified to offer expert medical or vocational opinions. This basic observation offers little assistance to an ALJ attempting to evaluate lay testimony properly, or to a court reviewing that evaluation. Regardless of the medical or vocational expertise a lay witness may possess, he or she can offer competent testimony that an ALJ must take into account or disregard with germane reasons. In this case, the ALJ accepted the lay testimony as credible and concluded that this evidence supported plaintiff's allegations. The ALJ determined that the testimony was ultimately unpersuasive in light of the entire record. Tr. 18. Despite plaintiff's complaints about the weight the ALJ attributed to this credible evidence, the ALJ committed no error in crediting this kind of evidence as he did, and in determining that the evidence was not dispositive as to the question of plaintiff's alleged inability to work. *Timmons*, 546 F. Supp. 2d at 795.

Alternatively, this court concludes that even if the ALJ's explanation for his evaluation of Pengraph's testimony fell short of amounting to sufficiently "germane reasons" for so deciding, such an error would have been harmless. No reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination when presented with the entire record of this case. *Stout*, 454 F.3d at 1053.

## **CONCLUSION**

For the reasons provided, this court concludes that the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record.

12 - OPINION AND ORDER

The final decision of the Commissioner regarding plaintiff Marguerite A. Holman's application for DIB and SSI is AFFIRMED.

    IT IS SO ORDERED.

    DATED this   24   day of September, 2008.

                                   /s/ ANCER L. HAGGERTY  
                                      ANCER L. HAGGERTY  
                                     United States District Judge